[Crim. No. 403.   Department One.—January 23, 1899.]

# THE PEOPLE, Respondent, v. WILLIAM H. GODWIN, Appellant.

CRIMINAL LAW—SEDUCTION—EVIDENCE—CHASTE CHARACTER OF PROSECU-TRIX—IMPEACHMENT OF WITNESS—NEGATIVE STATEMENT.—Upon the trial of a defendant charged with the seduction of a female of previous chaste character under a promise of marriage, where a witness for the defendant, in answer to a direct question, testified that he never had had sexual intercourse with the prosecutrix, his answer being merely of a negative character, he cannot be impeached by proof of contrary statements to certain individuals.

ID.—IMPROPER CROSS-EXAMINATION—WAIVER OF OBJECTION.—A witness who has testified on his direct examination only as to his personal acquaintance and relations with the prosecutrix, cannot properly be asked on cross-examination whether he had ever known of any improper conduct on her part; but if no objection to the question is presented on that ground, an answer of the witness merely reiterating a previous statement that he never had any improper relations with her, cannot harm the defendant, and the allowance of the question is not ground of reversal.

ID.—READING LEGAL DECISION TO JURY—APPEAL—ERROR NOT SHOWN.—
The practice of reading law-books ιn the jury is not commend-
able; and where extracts from a decision of this court were
sought to be read to the jury by the defendant's counsel, and the
record is silent as to the character of the extract sought to be
read, no error can be predicated upon the action of the court
in refusing to permit the extracts to be read.

APPEAL from a judgment of the Superior Court of San Luis
Obispo County and from an order denying a new trial. E. P.
Unangst, Judge.

The facts are stated in the opinion of the court.

Graves & Graves, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson,
Assistant Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the
seduction of a female of previous chaste character, under a
promise of marriage, and now prosecutes this appeal. Rulings
upon the admissibility of evidence are mainly relied upon for a
new trial.

Defendant placed one St. Clair upon the witness stand, and in
answer to a direct question he testified that he never had had
sexual intercourse with the prosecutrix. He was thereupon asked
if he had not at several specific times and places stated to certain
individuals that he had had such intercourse with the prosecu-
trix. Objections were sustained to these questions, and such rul-
ings are now insisted upon as error. The action of the trial court
has full support in the law. It is only when the witness gives
hostile evidence that a party may impeach him by showing
contradictory statements made at other times. The answer of the
witness being "no," the evidence was purely of a negative charac-
ter. It was neither favorable to one side nor the other, and, if
the witness had been impeached, the case before the jury would
have assumed no different aspect. The only purpose in any case
of introducing the inconsistent and contradictory statements of
the witness is to cast doubt and distrust upon the evidence he has
previously given. As already suggested, if this witness had been
impeached, either by inconsistent statements or general bad

reputation for veracity, the result would simply have been that the evidence he gave would have been cast out. There would have been no evidence before the jury that in fact he had had intercourse with the prosecutrix. In other words, his answer to the question addressed to him by counsel for defendant being "no," it neither weakened nor strengthened the case. After impeachment the case would have stood exactly the same as before. This principle is well settled by the authorities found in the reports of this state. (*People v. Conkling,* 111 Cal. 616; *People v. Crespi,* 115 Cal. 50.)

The witness St. Clair, upon cross-examination, was asked the following question: "Q. During the time you knew her, or at any time, have you ever known of any improper conduct on her part?" In direct examination the witness only testified as to his personal acquaintance and relations with the prosecutrix. For this reason the matter inquired about was not proper cross-examination. While various objections were made to the question, there was no objection upon this ground, and for this reason the ruling of the court in admitting the answer probably was not error. In addition it appears the witness answered the question by saying that he never had had any improper relations with the prosecutrix. This answer was only a repetition of a statement he had previously made several times, and no possible harm to defendant could have been caused by it.

The court refused to allow defendant's counsel to read to the jury extracts from a decision of this court, and this ruling is assigned as error. The practice of reading law books to the jury is not a commendable one and this court has often so declared. (*People v. Anderson,* 44 Cal. 70.) In this particular instance we know nothing as to the character of the extract sought to be read. The record is entirely silent upon the matter, and for this reason, even conceding such a practice allowable in exceptional cases, there is nothing before us showing the case to be of that character.

We have examined the remaining contentions put forward by appellant's counsel, and find them without merit.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.