[Crim. No. 533. Department One.—December 19, 1899.]

THE PEOPLE, Respondent, v. ELSIE WILLIAMS et al., Appellants.

CRIMINAL LAW — EXTORTION — CONTROLLING CAUSE — CONSTRUCTION OF CODE.—Section 518 of the Penal Code, defining the crime of extortion, and providing that "the crime is only committed when the property is obtained with the consent of the owner, and this consent must be induced by an unlawful use of force or fear," can only mean that the unlawful use of force or fear must be the operating or controlling cause which produces the consent.

ID.—ERRONEOUS INSTRUCTIONS—FEAR AS A PARTIAL CAUSE—PREJUDICIAL ERROR.—Instructions to the effect that the crime was committed if the fear of the prosecuting witness, induced by the threats of the defendants, entered to any extent whatever into the parting by him with his money are erroneous; and, where the evidence is such as specially called for correct instructions upon the subject of con-

trolling cause, the error in giving such incorrect instructions is prejudicial, and is not cured or neutralized by other correct instructions as to the elements constituting the crime of extortion.

Id.—Evidence—Declaration of Codefendant as to Other Proposed Offenses.—The declaration of a codefendant as to other proposed offenses, entirely distinct from the offense in controversy, is inadmissible; and the refusal of the court to strike it out is prejudicial error.

Id.—Unexpected Answer—Objection to Question—Motion to Strike Out.—When an unexpected answer of a witness, which could not be anticipated by objection to the question, contains inadmissible and prejudicial matter, a motion to strike it out is the proper remedy. When it is apparent from the question that the answer will contain evidence necessarily inadmissible, then a motion to strike out comes too late, unless preceded by an objection to the question, but the rule is otherwise when the answer may or may not be admissible.

Id.—Immoral Conduct of Defendants.—Evidence of the immoral conduct of the defendants as between themselves prior to the commission of the crime charged in no way tends to indicate the commission of the crime alleged, and is inadmissible.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Robert Ferral, for Appellant Elsie Williams.

Evans & Meredith, Dorn & Dorn, and Theodore Savage, for Appellant Myron H. Azhderian.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant Elsie Williams and one Azhderian were jointly charged, tried, and convicted of the crime of extortion. The gist of the charge is that said defendants did extort from W. A. Nevilles two thousand dollars through fear upon his part induced by threats of defendants that they would publicly accuse him of adultery with defendant Williams.

The defendants asked the court to give the jury the following instruction: "If the money was given to Mrs. Williams by reason of love or affection, or by reason of the past relations

existing between the said Mrs. Williams and the said Nevilles, or in settlement or compromise in whole or in part of a suit either begun or threatened, then I charge you that such payment is not extortion, and the defendants must be acquitted." This instruction was given as asked, but the following addition was made thereto by the court: "But, if the threat and fear mentioned in the indictment formed any part of the inducement to any such transfer of money, then the receipt of it would constitute the crime of extortion, and the person who received it, as well as any others who were concerned in the commission of such crime, . . . . would be guilty of the crime charged." After the jurors had retired to deliberate upon their verdict they returned to the court for further information, whereupon the court, among other matters, stated to them as follows: "The fear that the threat would be carried out, if there was a threat, must have become a part at least of the reason for the payment of the money. It may be that there would be half a dozen reasons for a man to pay out money, which there would be no crime in receiving at all, but if a threat had been made such as charged in the indictment, and fear that such threat would be carried out forms a part of the reason for the payment of the money, then the crime of extortion would be accomplished."

The foregoing instructions do not correctly present the law of extortion. The conditions therein existing may have been disclosed by the evidence, and still the defendant be not guilty. Measured by these instructions, if the fear of the prosecuting witness induced by the threats of defendants entered to any extent whatever into the parting by him with his money, then the crime of extortion was committed. This cannot be a sound declaration of law. If the fear working upon the mind of the prosecuting witness by reason of these threats formed but the slightest part of the operating cause which induced Nevilles to part with his money, then no extortion was committed. If affection or sympathy upon the part of Nevilles for this defendant was the principal reason which induced him to part with his money, then there was no crime. In other words, our statute, section 518 of the Penal Code, defining extortion, says: "The crime is only committed when the property is obtained with the

consent of the owner, and this consent must be induced by an unlawful use of force or fear." The statute can only mean that the unlawful use of force or fear must be the operating or controlling cause which produces the consent. If some other cause were the primary and controlling one in inducing the consent, then there would be no extortion.

In another form we find this principle stated in *People v. Haynes*, 11 Wend. 567, a case of obtaining property under false pretenses. It is there decided: "The position that the falsehood had a material effect upon the person defrauded in procuring the property necessarily implies that without it the object of the felon would have failed; he could not have obtained it; at least, we are disposed to require the false pretense or pretenses to be so material that without the existence of their influence upon the mind of the person defrauded he would not have parted with the property." Tested in the measure furnished by this decision these instructions fail. The fear induced by the threat may have formed a part of the reason for the payment of the money, and yet the defendant be not guilty, for such a fear does not necessarily exclude the idea that the prosecuting witness would have parted with the money in the absence of that fear. This "part of the reason" must be so material that the money would not have been paid without it. And when so material it is the moving or operative cause which produces the consent to part with the money. It is plain the instructions quoted fail to cover this ground. While the court repeatedly charged the jury correctly as to the various elements constituting the crime of extortion, these instructions in no degree neutralize the error committed in the giving of the instructions quoted. It is impossible for this court to say that the verdict of the jury was based upon the sound, rather than the unsound.

In view of the somewhat peculiar facts of this case it was all important that the instructions to the jury bearing upon the reasons which induced the prosecuting witness to part with his two thousand dollars should be squarely within the law. Some of these facts are to the effect that within a day or two after the alleged commission of this extortion the prosecuting witness parted freely and voluntarily with an additional five hun-

dred dollars to this defendant. And, indeed, the social relations existing between these two people for some time after the commission of this alleged offense seem to have been of a very friendly character.

A witness was interrogated as to a certain conversation he had with the codefendant, Azhderian, prior to the alleged extortion. He testified that in answer to the question, "What are you building the house out there for?" the codefendant, Azhderian, in substance stated: "The ladies [meaning the defendant and another woman] are dead fly, and I am building this house so that when we leave the Paragon [Nevilles' farm] we can go there. Then I will bring business men out there and we will get them full of wine and afterward blackmail them." A motion to strike out this statement of the witness was denied. The statement should have been stricken out. It has nothing whatever to do with the merits of this prosecution. It was greatly prejudicial to the defendant, for it was well calculated to make the jury look upon her with unkindly eyes. A contemplated scheme by these two defendants to blackmail or extort money from other persons was no more admissible at this trial than the evidence of previous robberies or arsons would have been admissible if defendants had been upon trial for robbery or arson. It is now urged that the motion to strike out was properly denied as coming too late, no objection having been first made to the question. This position cannot be sustained. No objection perceptible to this court could have been well made. It was not until the answer came that it could be ascertained the evidence should not go to the jury. And then the only remedy was the motion to strike out. Many statements made by the codefendant would have been clearly admissible. And the admissibility of this evidence could not be determined until it was first ascertained what it was. When it is apparent from the question that the answer will contain evidence necessarily inadmissible, then a motion to strike out comes too late unless preceded by an objection to the question, but the rule is otherwise when the evidence may or may not be admissible.

Defendant now asserts that the trial court permitted other errors in the admission of evidence. Many of these claims are

without substantial foundation, while the lack of objections or exceptions forbid the consideration of others. Upon a second trial of the defendant many of these matters will not arise. It may be suggested that evidence tending to show these defendants to have been guilty of immoral conduct between themselves prior to the alleged commission of this crime should not be admitted. Such character of evidence in no way tends to indicate the commission of the crime with which they are charged.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.