[Crim. No. 490.   Third Appellate District.—February 23, 1920.]

## THE PEOPLE, Respondent, v. CHARLES THOURWALD, Appellant.

[1] CRIMINAL LAW—RAPE—MONOSYLLABIC ANSWERS BY PROSECUTRIX —EFFECT OF.—The fact that the testimony of the prosecutrix, in a prosecution for the violation of section 288 of the Penal Code, consisted almost entirely of monosyllabic answers to categorical questions propounded by the district attorney constitutes no valid reason for holding, as a matter of law, that the prosecutrix did not tell the truth about the defendant's conduct toward her.

[2] ID.—WEIGHT OF EVIDENCE—PROVINCE OF JURY—EFFECT OF VERDICT.—In such prosecution, if there is no inherent improbability in the testimony of the prosecuting witness, a child of nine years, it is solely for the jury to determine whether her testimony is truthful or otherwise, and their verdict of guilty is conclusive of the proposition that her testimony was entitled to and given full credit.

[3] ID.—EFFECT OF INCONSISTENCIES IN TESTIMONY.—In such prosecution, if there are shown, by cross-examination or otherwise, some inconsistencies in the statement of the facts by the prosecuting witness, it is for the jury to consider such inconsistencies and determine whether they are such as to justify the repudiation of her testimony in its entirety.

[4] ID.—CORROBORATION OF PROSECUTRIX UNNECESSARY.—The testimony of the prosecutrix in a rape case is not required to be corroborated to justify a conviction, and this is true even where the prosecution is for the commission of lewd and lascivious acts upon the body of a child of the age of nine years. Upon her testimony alone a verdict of conviction may securely rest, it being entirely the province of the jury to decide whether such testimony is true or false.

[5] ID.—COMPETENCY OF CHILD TO TESTIFY—CONCLUSIVENESS OF DECISION OF TRIAL COURT.—When the judge examines a witness under the age of ten years before permitting him or her to give testimony in the case and it appears to the judge from such examination that such witness is capable of relating intelligently the facts respecting which he or she is about to be examined, and that witness appears to understand the obligations of an oath or the consequences following the giving of false testimony, the decision of the trial court that he or she is competent to testify as a witness is conclusive upon a reviewing court, unless the record clearly shows an abuse of discretion in the decision of the question.

[6] ID.—NECESSITY FOR PRELIMINARY EXAMINATION TO DETERMINE COMPETENCY.—Under the terms of subdivision 2 of section 1880 of the Code of Civil Procedure, it is not only proper but necessary that, preliminarily to permitting a child under the age of ten years to testify in a cause before a court, such investigation should be made of the question whether such child is a competent witness as will enable the court to determine the matter properly and justly.

[7] ID.—ANSWERS OF CHILD ON PRELIMINARY EXAMINATION — SUFFICIENCY OF TO PROVE COMPETENCY AS WITNESS.—Where a child, in reply to questions by the court, testifies that she is nine years old, that she lives in a certain town and goes to school, that she knows what it means when she holds up her hand and is sworn to tell the truth, that she is going to tell the truth and knows it will be wrong if she does not tell the truth, and that if she does not do so she will be punished, a reviewing court cannot say that such showing is not sufficient to justify the trial court in deciding that such child is competent to testify in the case as a witness.

[8] ID.—PRELIMINARY EXAMINATION BEFORE COMMITTING MAGISTRATE —ADMISSIBILITY OF TESTIMONY ON SUBSEQUENT TRIAL IN SUPERIOR COURT.—Where at the trial of a defendant charged with having committed lewd and lascivous acts upon the body of a child of nine years he does not take the stand in his own behalf, his testi-

4.    Necessity for, and sufficiency of, corroboration of prosecutrix in action for rape, notes, 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

mony given before the committing magistrate at the preliminary examination of the charge stated in the information may be used against him, where he voluntarily became a witness at the preliminary hearing under such circumstances as to render it clear that his testimony so given was voluntary and free from restraint or undue influence.

[9] Id.—Reputation of Defendant for Morality—Failure to Properly Frame Questions — Waiver of Objection.—Where the district attorney, in such prosecution, in questioning witnesses as to the general reputation of the defendant for morality, does not confine the knowledge of the witnesses to a time *prior* to the date of the alleged commission of the crime charged, but the defendant makes no objection to the questions asked, or to the form thereof, he will be presumed to have waived any objection he might have interposed thereto.

APPEAL from a judgment of the Superior Court of Siskiyou County.   James F. Lodge, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James D. Fairchild for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—By an information filed by the district attorney in the superior court of the county of Siskiyou, defendant was charged with having committed a lewd and lascivious act upon and with the body of one Gladys Jackson, a female child of the age of nine years.  A jury found the defendant guilty of the crime charged and he prosecutes this appeal from the judgment of conviction pronounced upon him.

The information is based upon section 288 of the Penal Code, which, in substance, provides that any person willfully committing any lewd or lascivious acts upon or with the body of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony, for which the guilty party shall be imprisoned in the state prison for not less than one year.

The point first urged by the appellant for a reversal is that the evidence is wholly insufficient to have justified the

verdict. The point is without merit, as the following synoptical statement of the facts, as developed by the evidence, will show:

Defendant is a painter and paperhanger and, on the thirteenth day of May, 1919, was engaged in painting an unoccupied house in Dunsmuir adjoining the residence of Mrs. Mabel Neusse, mother of the prosecuting witness, Gladys Jackson. Mrs. Neusse testified that at about 3 o'clock on the afternoon of said day she and a Miss Vera Volenti, who was temporarily stopping with her, went to the vacant house to see how near finished it was. As they stepped on to the porch they looked through a window and saw defendant rising from a bed. They went into the house and witness testified that Gladys Jackson ''came running out of the bedroom and grabbed on to me, just shaking all over, and started crying.'' The child was taken home and, after considerable urging, told her mother that defendant had put his hands under her clothes and pinched and hurt her and put his hands on her privates. Mrs. Neusse discovered a mark or scratch where the girl said defendant had pinched her.

Miss Volenti corroborated Mrs. Neusse as to seeing defendant spring from the bed and as to the subsequent occurrences. She also said she saw red marks rather high up on the inside of the leg of Gladys.

Gladys Jackson testified that she went to the house where defendant was working and that he asked her what her name was; that they were in the front room and that defendant picked her up, took her into the bedroom, set her on the bed and put his hands between her legs. She was asked whether he unbuttoned his pants and replied: ''Yes, sir,'' and she made the same reply to the question: ''Did he lay on top of you, or do you know?'' She said: ''Then he heard my mother coming, then he got up.''

[1] It is urged that the testimony of the prosecutrix is not of such a character as to justify the conclusion, beyond a reasonable doubt, that the defendant committed upon and with her body lewd and lascivious acts, and this argument seems to be based upon the proposition that the child's testimony consisted almost entirely of monosyllabic answers to categorical questions propounded by the district attorney. But this objection constitutes no valid reason for holding,

as a matter of law, that the prosecutrix did not tell the truth about the defendant's conduct toward her. There was no objection made by defendant to the method of examining the little girl by the district attorney, and, so far as the record, as we have it here, discloses, her story appears to have been straightforward and truthful. [2] At any rate, there being no inherent improbability in her recital of the story, it was solely for the jury to determine whether her testimony was truthful or otherwise, and the verdict is conclusive of the proposition that her testimony was entitled to and given full credit. [3] If there were shown, by cross-examination or otherwise, some inconsistencies in her statement of the facts of the malodorous transaction (and such it certainly was if it occurred as detailed by the infant), it was for the jury to consider such inconsistencies and determine whether they were such as to justify the repudiation of her testimony in its entirety. The jury appear to have found no such inconsistencies in her testimony as to warrant them justly in concluding that her testimony, in the main, did not involve a truthful representation of what actually occurred between her and the defendant at the time of the alleged commission of the lewd and lascivious acts.

[4] The testimony of the prosecutrix in a rape case is not required to be corroborated to justify a conviction, and this is true as to a case of the character of the one now before us. Upon her testimony alone a verdict of conviction may securely rest, it being entirely the province of the jury to decide whether such testimony is true or false. It is not necessary to cite authorities in confirmation of so well-settled propositions as these. In this case, however, it will be noted, the testimony of Gladys Jackson, the prosecutrix, is not entirely without corroboration. The testimony of her mother, and that of the witness, Miss Volenti, corroborate the child's story to some extent.

[5] It is next objected that the court erred in permitting the prosecutrix, Gladys Jackson, to testify as a witness in the case, the claim being that she was, by reason of her immature years, incompetent to testify as a witness under the terms of section 1880 of the Code of Civil Procedure. Said section (subdivision 2 thereof) provides that "children under the age of ten years, who appear incapable of re-

ceiving just impressions of the facts respecting which they are examined, or of relating them truly,'' cannot be witnesses.

It will be observed that the section does not provide unqualifiedly that children under the age of ten years shall not be witnesses, but those children only under the age mentioned ''who *appear* incapable of receiving just impressions of the facts respecting which they may be examined, or of relating them truly,'' thus leaving it to the court before which such children are called as witnesses to determine, upon an examination into the question of their competency, whether they are intellectually capable of giving testimony or becoming witnesses. And when the judge examines a witness under the age of ten years before permitting him or her to give testimony in the case and it appears to the judge from such examination that such witness is capable of relating intelligently the facts respecting which he or she is about to be examined, and that the witness appears to understand the obligations of an oath or the consequences following the giving false testimony, the decision of the trial court that he or she is competent to testify as a witness is conclusive upon a reviewing court, unless the record clearly shows an abuse of discretion in the decision of the question. (*People* v. *Baldwin,* 117 Cal. 244, 256, [49 Pac. 186].)

[6] We think that there can be no doubt that it is not only proper but necessary, under the terms of the second subdivision of the code section above named, that preliminarily to permitting a child under the age of ten years to testify in a cause before a court, such investigation should be made of the question whether such child is a competent witness as will enable the court to determine the matter properly and justly (*People* v. *Bernal,* 10 Cal. 67), and in this case such an investigation appears to have been given that question. The record shows that, preliminarily to the examination of the prosecutrix, defendant's counsel objected to her testifying on the ground that she was not of sufficient age to comprehend the sanctity of an oath. [7] In reply to questions by the court, she testified that she was nine years old, that she lived in Dunsmuir and went to school; that she knew what it meant when she held up her hand and was sworn to tell the truth; that she was going to tell the truth and

she knew it would be wrong if she did not tell the truth; that if she did not do so she would be punished. We cannot say that that showing was not sufficient to justify the court in deciding that the prosecutrix was competent to testify in the case as a witness.

[8] It is urged that the court erred in allowing, over objection by the defendant, the district attorney to introduce in evidence at the trial the testimony given by the accused before the committing magistrate at the preliminary examination of the charge stated in the information.

It appears that the defendant, at the trial, did not take the witness-stand in his own behalf. One of the specific objections to that testimony was, at the trial and is here, that it was offered by the district attorney and allowed by the court "as admissions against interest," whereas, so the argument goes, the testimony so given by the accused did not contain "a single admission against interest." This position of the defendant as to the testimony furnishes a reason why the error of admitting it, if error it was, should be held to be innocuous in its effect upon and without prejudice to the rights of the accused. And it is true that the testimony involved a denial by the defendant of doing anything wrong with the prosecutrix and nowhere contains any statement of an incriminatory character, except the mere fact that the child was in the building where the accused was at work and that they were the only persons in the building until the mother of the child and Miss Volenti made their appearance there. Moreover, the officer who arrested the defendant testified to a statement made to him by the accused which involved substantially all the facts to which the defendant himself testified before the committing magistrate. We do not, however, consider the act of allowing said testimony to go into this record as error, for it was admissible for the purpose of showing that the defendant was present at the place where the crime is alleged to have been committed at the time of its alleged commission. The rule in this state is, and has been ever since the early case of *People* v. *Kelley,* 47 Cal. 125, that, where an accused under a felony charge voluntarily becomes a witness at the preliminary hearing of the charge before a magistrate under such circumstances as to render it clear that his testimony

so given was purely voluntary, and free from restraint or undue influence, such testimony may be given in evidence against him on his trial for the offense in the superior court. (See, also, *People* v. *Sexton*, 132 Cal. 37, [64 Pac. 107].) While the rule, so far as it requires as a test of the admissibility of such testimony that it shall have been given voluntarily, refers to testimony in which the accused has either directly or indirectly confessed his guilt of the charge, still, in this case, although the accused did not in his testimony confess his guilt, it clearly enough appears that the defendant, voluntarily and of his own volition, took the witness-stand and testified in his own behalf before the committing magistrate and not under pressure of any description. But counsel for appellant makes the further point that the testimony given by the accused at the preliminary hearing of the charge could not in any event be admissible in evidence at the trial of the accused, except under the conditions set forth in subdivision 3 of section 686 of the Penal Code, and that the conditions rendering the testimony admissible were not shown to exist in this case—to the contrary, they were, it is said, shown not to exist. The section named provides, as an exception to the general rule that a defendant in a criminal case is entitled to be confronted with the witnesses against him, in the presence of the court, that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness; or where the testimony of a witness on the part of the people, who is unable to give security for his appearance, has been taken conditionally in the like manner in the presence of the defendant, who has likewise cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness so taken may be read upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state. The testimony of the defendant in this case was obviously not admitted upon the theory upon which said section is framed, nor, obviously, could it be. That section has reference entirely to witnesses in a criminal case other than the defendant, who, of course, could not be

put upon his trial for a felony in his absence or if he were insane. As above explained, the testimony was offered and received and was admissible for the purpose of showing the admission by him, not of his guilt, but of the material fact in the people's case that he was present at the place where and when it is claimed the crime charged was committed. It was, in brief, offered and received upon the theory that it involved an admission against interest.

It is claimed that the testimony of the witness, Sam Fiske, who arrested the accused upon the charge alleged in the information, giving the extrajudicial statements of the accused relative to what occurred between him and the prosecutrix in the building in which it is claimed that the crime charged was committed was incompetent and immaterial, and that the allowance of it by the court against the objection of the accused was improper and its effect prejudicial to the accused. Like the testimony of the defendant given at the preliminary hearing, the testimony of the officer of the statements of the accused at the time of his arrest relative to the occurrences between him and the prosecutrix was proper for the purpose of showing that the defendant was where it was claimed that the lascivious acts were perpetrated at the time they were alleged to have taken place. The officer's testimony, other than showing that fact, carried with it nothing of an incriminatory character and could not have tended to prejudice the defendant in the slightest degree. The extrajudicial statements of the defendant so presented to the jury did not involve a confession, but a positive denial of guilt, and were corroborative only of the evidence of the prosecutrix, of her mother, and of Miss Volenti, that the defendant and the child were together and alone in the building wherein it is claimed that the crime charged was committed at the time of its alleged commission.

[9] Three female witnesses, residents of Dunsmuir, where the crime charged is alleged to have been committed, were introduced by the district attorney for the purpose of testifying, and they did testify, that the defendant's general reputation for morality in Dunsmuir, where he had resided for a number of years, was bad. This testimony was offered as in rebuttal of testimony submitted by the defendant that

his general reputation for morality in Dunsmuir was good. The form of the question put to each of the said witnesses by the district attorney, after each had said that she had known the defendant in Dunsmuir for a number of years, was as follows: "Do you know his general reputation in the town of Dunsmuir for morality?" The witnesses each answered that she knew his reputation in the particular referred to, and said, in reply to the further question as to what that reputation was, that it was bad. The attorney for the appellant now makes the point that the first question should have specifically confined the knowledge of the witnesses of the general reputation of defendant for morality to a time *prior* to the date of the alleged commission of the crime charged, and that, the question not having been so framed, the statement of the witness that his general reputation for morality was bad might have reference to the time subsequent to the commission of the offense and based solely upon the fact that defendant was accused of and arrested for committing said alleged crime. There is much force in counsel's criticism of the question referred to, but the difficulty that confronts him in attempting to make the point available to his client on this appeal is that, at the time the question was asked of each of the people's rebuttal witnesses on character, he did not object to said question or in any form raise before the trial court the point that the question was improper and calculated to bring forth improper testimony. When a defendant in a criminal case makes no objection at the trial of the charge against him to any testimony offered against him, it is to be presumed that, if such testimony is legally improper and objectionable, he waives any objection he might have interposed thereto. He certainly cannot make his objection for the first time on appeal. Undoubtedly, if, at the trial, objection had been made to the question complained of here and thus the attention of the trial court directed to it, the latter would readily have perceived the impropriety in the form of the question and have required the district attorney so to frame it as to have obviated the objection here made against it. Obviously, appellate courts are in no position to do that.

There are no other points made.

The judgment and the order appealed from are affirmed.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.