[Crim. No. 1490.  First Appellate District, Division Two.—December 4, 1928.]

THE PEOPLE, Respondent, v. GENE BASTIAN et al., Appellants.

John Corgiat for Appellants.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendants have appealed from a judgment of conviction on a charge of robbery and have brought up a typewritten record, including the judgment-roll and a transcript of the reporter's notes. No briefs have been filed by either party.

At the time of the argument the defendants stated that they desired to present but one point. They contended that the trial court erroneously allowed certain witnesses to testify regarding the defendant Bastian's reputation for truth, honesty, and integrity. They asserted that the questions as propounded referred to his reputation down to and including the date of the trial, whereas the investigation should have been limited to an inquiry as to such reputation prior to the commission of the offense charged in the information. They cited in support of this contention *People v. Thourwald,* 46 Cal. App. 261 [189 Pac. 124]. That case

is not helpful. The facts in that case were that Thourwald was on trial charged with the violation of section 288 of the Penal Code; as a part of his case Thourwald introduced testimony that his reputation for morality was good; in rebuttal, the prosecution called three witnesses who testified that it was bad; each of those witnesses was asked the question, "Do you know his general reputation in the town of Dunsmuir for morality?" the court on appeal directed attention to the fact that no objection was made in the trial court presenting the point. However, it is patent that the testimony there under consideration was regarding a factor of the crime itself, whereas in the case before us the question involved is merely one as to the weight of evidence. The defendant Bastian took the stand and testified in behalf of both defendants. Having done so, he subjected himself to the provisions of section 2051 of the Code of Civil Procedure. The court held to that effect regarding a question as to whether the defendant had been convicted of a felony. (*People* v. *Crowley,* 100 Cal. 478, 482 [35 Pac. 84].) The same rule was declared regarding evidence as to the general reputation for truth, honesty, or integrity of a defendant who had taken the stand and testified in his own behalf. (*People* v. *Prather,* 120 Cal. 660 [53 Pac. 259].) Whether the impeachment occurs in one manner or the other, it is addressed to the reputation of the witness prior to his taking the stand, and is not limited by the date the offense on trial is alleged to have been committed.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.