[Crim. No. 4882. Second Dist., Div. Two. Mar. 20, 1953.]

THE PEOPLE, Respondent, v. WILLIAM O. TAYLOR, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on six counts of grand theft after trial before a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) discloses that defendant entered into an agreement with A. E. Norrbom, a transportation consultant doing business as the West Coast Traffic Association, whereby Mr. Norrbom would receive 50 per cent of all sums obtained on contracts which defendant procured for the West Coast Traffic Association; after entering into such agreement defendant represented to (a) Mr. Schaefer of the Julius V. Madsen Company, (b) Mr. Hamilton of the Earle C. Anthony Company, (c) Mr. Spriggs of the R. E. Spriggs Company, (d) Mr. Lund of the General Distributing Company, and (e) Mr. Chudacoff of the Associated Brewers Dis-

tributing Company that he could recover from the Interstate Commerce Commission sums which, he stated, they had overpaid to common carriers on freight charges. He stated to the aforementioned gentlemen that it was necessary for him to make a deposit with the Interstate Commerce Commission at the time he filed an application for the refund.

Defendant received from (a) Mr. Schaeffer, $300, (b) Mr. Hamilton, $2,400, (c) Mr. Spriggs, $300, (d) Mr. Lund, $300, and (e) Mr. Chudacoff, $3,000. The checks representing the foregoing sums were turned over to the West Coast Traffic Association and defendant in each instance received half of the sum represented by such checks.

As a matter of fact in making application to the Interstate Commerce Commission it was not necessary to make any deposit with the commission and none was made by defendant, nor did defendant obtain any refunds from the commission or return to any of the parties the money which he had received from them. None of the above-named gentlemen would have given the respective sums to defendant but for the fact they believed it was necessary to make a deposit with the Interstate Commerce Commission in order to obtain a refund on the proposed overcharges.

Respondent concedes there is not substantial evidence to sustain the verdict of guilty on Count II of the information.

Therefore the judgment, which is predicated on Count II will be reversed.

*Questions:* First: *Was there substantial evidence to sustain the finding of guilty on each of the five counts mentioned above?*

*Yes.* Witnesses gave direct testimony on each and every fact set forth above. ■ It is settled that to constitute theft by trick or device there must be (1) a taking, (2) an asportation of the thing taken, (3) the thing taken and carried away must be the property of another, and (4) the taking and carrying away must be with an intent, without claim or pretense of right or justification, to deprive the owner of his property wholly and permanently. (*People* v. *Edwards,* 72 Cal.App. 102, 112 et seq. [236 P. 944].)

■ The foregoing evidence sustains the trial court's finding that in each case defendant (1) took a check from each of the parties mentioned which (2) he carried away, (3) it was not his property, but the property of another, and (4) he had the intent to deprive the true owner of such property

permanently and without any rightful claim or justification to such property.

Second: *Did the trial court commit prejudicial error in failing to instruct the jury on the quantum of proof necessary for the conviction of theft on false pretenses?*

*No.* The trial court instructed the jury as follows:

"Sometimes it is difficult to determine which, if any, of three forms of theft the facts of a case show was committed, because while the distinction between them is real, the evidence may be susceptible of different reasonable interpretations. Those three forms of theft are: 1. Embezzlement; 2. Obtaining property by false pretense; and 3. Larceny by trick and device.

"When one receives the possession of property lawfully by virtue of the fact that it is entrusted to him, and thereafter he violates his trust and fraudulently converts the property to his own use or to a use not authorized by the owner, his theft is called embezzlement.

"When one knowingly and with design uses some fraudulent representation or pretense as a means of obtaining property from another, who, in parting with it, intends to transfer title as well as possession to the person who so obtains possession, the theft is called obtaining property by false pretense.

"When one obtains possession of the property of another by some trick or device, intending to convert it to his own use, and to permanently deprive the owner of it, and the owner, although parting with possession to such person, does not intend to transfer his title to that person, the theft is called larceny by trick and device.

"If you should find that the defendant committed any of the three kinds of theft just mentioned, you should return a verdict of guilty, and it will not be necessary or proper for you to state in your verdict which of the three forms of theft was committed."

In addition the jury was given the definition of embezzlement, a statement of what constitutes theft by obtaining property through false pretenses and the definition of larceny by trick and device.

 There is no merit in defendant's contention that the instructions quoted above, plus the statement of what constitutes the obtaining of property by trick and device, told the jury it could find defendant guilty of such theft without instructing it on the quantum of proof necessary. The only

reasonable view that can be taken of the evidence is that each man intended to pass possession of his check or the money represented thereby to defendant but did not intend to pass title thereto to him. The check or money represented thereby was given to defendant to be used by him as a deposit with the Interstate Commerce Commission in a proceeding for recovery of specified overcharges to be prosecuted for the benefit of each businessman, and the check or the money was to be returned if the proceeding ended in failure of recovery. None of the men would have given defendant his check if he had known that no part of it was to be used as such deposit. The offenses through trick and device shown by the evidence required no corroboration. (*People* v. *McCabe*, 60 Cal.App.2d 492, 497 [141 P.2d 54].)

 The jury was properly instructed:

". . . If such owner parts with the possession of the property intending that it shall be used for or applied to a specific purpose, and the person receiving the property, at the time it is received, feloniously intends to convert it to his own use and steal it and not to apply the same to the use or purpose for which it was received, knowing that the owner parted with it only for such specific use or purpose, then the owner of the property, in legal contemplation, does not part with his title to the property. When property is thus unlawfully taken, the crime is that of larceny by trick and device."

The jury was also instructed that to constitute the offense of obtaining property by false pretenses the owner must intend to divest himself of title thereto. It is clear that the jury was not misled by the foregoing instructions.

 Third: *Did the trial court commit prejudicial error in failing to instruct the jury on the necessity for evidence corroborating the testimony of an accomplice?*

*No.* Defendant's contention that Mr. Norrbom was an accomplice of defendant fails to find any support in the evidence. The uncontradicted evidence discloses that defendant lied to Mr. Norrbom, and Mr. Norrbom had no knowledge of defendant's fraudulent practices until after defendant's victims had been deprived of their property wrongfully by him and had made complaint to Mr. Norrbom.

 Fourth: *Did the trial court err in failing to define for the jury the words "fraud", "artifice", "trick" and "device"?*

*No.* It is unnecessary to define for a jury every word found in a statute describing a crime, particularly where such words

are in common use. In the present case the words "fraud", "artifice", "trick" and "device" are words in common usage and of common knowledge. Therefore it was unnecessary for the trial court to give any instruction defining their meaning. (*People* v. *Ahsbahs,* 77 Cal.App.2d 244, 249 *ff.* [175 P.2d 33] ; *People* v. *Brown,* 114 Cal.App.2d 52, 60 [249 P.2d 595].)

We have been materially aided in the disposition of this case on appeal by the splendid brief prepared on behalf of the People by Deputy Attorney General Elizabeth Miller.

The judgment and order denying a motion for a new trial predicated upon Count II of the information is reversed. The judgments and orders as to other counts in the information are, and each is, affirmed.

Moore, P. J., and Fox, J., concurred.