[Crim. No. 5219.   Second Dist., Div. One.   Oct. 5. 1954.]

THE PEOPLE, Respondent, v. THOMAS BOWMAN GLASS, Appellant.

John J. Bradley and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Theodore S. Tabah, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment following a verdict of guilty by the jury.

The record reveals that the officers entered appellant's home and found narcotics on the person of appellant.

■ It is contended on appeal that, "The verdict is contrary to law" and, that the "trial court committed error by advising the jury that the district attorney and counsel for appellant could stipulate to the admission of hearsay testimony, the content of which was highly prejudicial to appellant."

The contention relates to the action of the trial judge which as recited in appellant's brief, is as follows:

"A JUROR: Your Honor, may I ask a question?

"THE COURT: Yes, you may.

"A JUROR: "Officer, what information did you have that led you to this particular house to look for narcotics?

"THE COURT: That is—just a moment. I think it is incumbent, Mrs. Collins, upon the Court to protect the record in this respect and I think that that might be calling for hearsay testimony. It is a perfectly logical question to be in a juror's mind, but I don't think—unless Counsel have no objection to it——

"MR. CRAIL: I have no objection to it.

"THE COURT: What is your feeling, Mr. Solomon?

"MR. SOLOMON: Your Honor has left it up to me. Your Honor has indicated——

"THE COURT: No, I indicated that it calls for hearsay. It is a question that might logically be in the juror's mind but the answer is hearsay. If Counsel has no objection, the Court will permit it to be answered. If Counsel does object, the Court necessarily will have to rule against it.

"MR. SOLOMON: Well, Your Honor, I feel that the statement by Mr. Crail is—I didn't think to ask that this morning. Counsel shouldn't have made any statement. Mr. Crail has made a statement, so under those circumstances, I will say if he has agreed to it, I have to agree to it. I will agree to it.

"THE COURT: All right. You may answer the question, Mr. Horstkotte.

"The Witness: I received information from a user on the street that this was the location where this party went to score for narcotics.

"The Court: That answers the question. That is all.

"Mr. Crail: Pardon me just a moment. What is the term 'score'? What does that mean?

"The Witness: That is when they go to a place to buy narcotics.

"Mr. Crail: In other words, if they make a purchase they call that 'scoring'? ·

"A. Yes, sir."

In the light of the record it cannot be assumed the incident resulted in prejudicial error. "During the course of his cross-examination, in explaining why appellant had an idea what the officer was searching him for, appellant stated:

" 'Well, I had been arrested for narcotics before that is the reason why I thought so.' " Therefore, the inference that appellant was a known narcotic user came as no sudden shock to the jury. They were already aware of that fact.

No objection was made by defendant to the introduction of the evidence which defendant now contends was inadmissible nor was there a motion to strike. And, as argued by respondent, "It is just possible the officer might have answered the juror's question as follows: 'I was ordered by my superiors to investigate this particular house.' It could be argued, therefore, that one could not tell for sure from this question that the answer would contain prejudicial hearsay.

"It is the general rule that when an unexpected answer of a witness, which could not be anticipated by objection to the question, contains inadmissible and prejudicial matter, a motion to strike it out is the proper remedy. *People · v. Williams,* 127 Cal. 212 [59 P. 581] ; *People* v. *Smith* (1907), 151 Cal. 619, 624 [91 P. 511].

"Having failed to so move, the introduction of such evidence is not grounds for appeal. *People* v. *Ahsbahs* (1946), 77 Cal. App.2d 244 [175 P.2d 33] ; *People* v. *Cole* (1903), 141 Cal. 88 [74 P. 547].

"The failure to move to strike in the lower court is deemed a waiver of the point on appeal. *People* v. *Strider* (1929), 96 Cal.App. 632 [274 P. 601].

"Here, assuming, arguendo, that appellant could have reasonably expected an unobjectionable answer of the form suggested, *supra,* and that the hearsay answer of the officer caught appellant by surprise, appellant should have moved to

strike.'' Incidentally, section 4½ of article VI of the Constitution is applicable as in all cases.

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied October 18, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 3, 1954.