[Crim. No. 46. First Appellate District.—July 19, 1906.]

THE PEOPLE, Respondent, v. C. D. LOWRIE, Appellant.

CRIMINAL LAW—BURGLARY—EVIDENCE—TIME OF SALE OF FERRY TICKET
    —REFERENCE TO RECORD STRICKEN OUT.—Where the ferry ticket
    clerk testified that a ticket shown him, used by the defendant in
    going from San Francisco to Alameda county, where the burglary
    was committed, was sold by him after 7 o'clock in the evening, the
    burglary being discovered at half-past 5 o'clock the following morn-
    ing, and evidence given by him upon cross-examination that he
    knew it from the record of the tickets, was stricken out on the
    ground that the record was not kept by him, such ruling left his
    evidence in other respects competent, there being nothing to show
    that he had testified from a record not made by himself, and the
    court properly overruled a motion to strike out the remainder of
    his evidence.

ID.—MOTION TO STRIKE OUT TESTIMONY—DISCRETION OF COURT.—In all
    cases where a motion is made to strike out testimony which was
    not objected to at the time, much discretion is necessarily vested
    in the trial court, and for a denial of such motion, a reversal cannot
    be justified, unless there is a plain abuse of discretion in a material
    matter.

ID.—RECORD OF TICKETS—PRESS COPIES OF REPORTS—REFRESHING MEM-
    ORY OF WITNESS.—Where the record of tickets sold was proved by
    the person in charge thereof, and consisted of letter-press copies of
    the original reports of the numbers given by the seller of the tickets
    at the close of each day, the witness to the sale of the tickets may
    refresh his memory by the duplicate entries so proved, in testifying
    to tickets sold.

ID.—LARCENY—POSSESSION OF STOLEN PROPERTY—Where the defend-
    ant was charged with burglary with intent to commit larceny, the
    possession by the defendant of property stolen from the building
    entered, unexplained, is a potent circumstance tending to show guilt,
    and where there was evidence tending to show that the works of
    two watches found in a suit case in defendant's room were part of
    the property stolen by the party who committed the burglary, and
    the defendant made no attempt to explain the circumstances, tes-
    timony as to the finding of such works was admissible.

ID.—REJECTION OF EVIDENCE—FAILURE TO FIND BURGLAR'S IMPLEMENTS
    IN ROOM.—It was not error to sustain an objection to a question
    asked by defendant as to whether or not a witness examined the de-
    fendant's room, and whether or not the witness saw any burglar's

tools or implements, files or keys around the room. The fact that such tools were not found, if true, would not be competent to prove the defendant innocent.

ID.—REJECTION OF LETTER—REVIEW UPON APPEAL—PRESUMPTION.— Where an objection to a letter as hearsay and a self-serving declaration was sustained, error assigned on its rejection is not reviewable upon appeal, where the record does not show its contents nor its substance, nor by whom it was written, and it must be presumed that the ruling of the court was correct.

ID.—INSTRUCTION—BURGLARY IN FIRST DEGREE—ENTRY IN NIGHT-TIME —SUPPORT OF VERDICT—QUESTION OF FACT—INFERENCE FROM CIRCUMSTANCES.—It was not error to instruct the jury that, if the evidence warranted it, they might find the defendant guilty of burglary in the first degree, where there was sufficient evidence to sustain an implied finding by the jury that the entry by defendant was in the night-time. As to when the entry was made and the property stolen was a question of fact for the jury, and might be arrived at from all the facts and circumstances.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

W. T. Hume, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, J.—Defendant was convicted of the crime of burglary in the first degree and sentenced to imprisonment in the state prison for the term of fifteen years. This appeal is from the judgment and an order denying the defendant's motion for a new trial. We have carefully examined the evidence, and find it sufficient to support the verdict, and hence it is not necessary to discuss it in detail, nor the questions raised as to its sufficiency.

Defendant assigns as error the refusal of the court to strike out the direct testimony of the witness Bailey, who was employed on the twenty-seventh day of April, 1905, by the Southern Pacific Railroad Company at the local ferry office as ticket clerk. Bailey, while on the stand, examined a number of tickets shown to him, and testified that a ticket shown to him was sold by him after 7 o'clock on the evening of April

27, 1905, at the ferry ticket office in San Francisco, at the foot of Market street. On cross-examination he testified that he made the statement from the fact that the records of the office showed that certain numbers of tickets were used on that evening, and that he was the only person there to sell tickets. The defendant did not object to the testimony then offered, but moved to strike it out on the ground that the same was incompetent and not the best evidence, which motion was denied, and is the ruling complained of. Without passing upon the question as to whether or not the ruling was erroneous, it is sufficient to say that after further examination, when it was discovered that the records in the office as to tickets sold were not kept by the witness, Bailey, the court, on the defendant's motion, struck out the testimony of the witness concerning the record, on the ground that the same was hearsay, incompetent and irrelevant. After the testimony of the witness as to the record was stricken out his testimony as to other matters was then competent, for the reason that there was nothing to show that he had testified from a record not made by himself. In all cases where a motion is made to strike out testimony which was not objected to at the time, much discretion is necessarily vested in the trial court. It would require a plain abuse of such discretion in regard to a material matter to justify the reversal of a case for such reason.

There was no error in the ruling allowing in evidence the book of original entries, purporting to be a record kept by the railroad company of the numbers and daily sales of tickets. The court in the first place, on the objection of the defendant, refused to admit such record, but the district attorney stated that he intended to connect it by the testimony of Kern who made the original entries. After such statement no further objection was made by the defendant, and the record was received in evidence. The district attorney afterward called Kern, and identified the record as he promised to do.

The district attorney asked of the witness Bailey the following question: "Is there any way that you can tell or estimate the time that the ticket was sold, from itself, of your own knowledge?" The court overruled the defendant's objection that the question called for the opinion of the witness, and was incompetent, irrelevant and immaterial, and such

ruling is urged as error.   The question was not objectionable,
and more than this, the witness answered in effect that he
had no way of telling when the ticket was sold except by the
record as to the numbers of the tickets sold on that evening.

There is no merit in the contention that the court should
not have allowed the witness Freel to testify to the fact of
finding the works of two watches in a suit case in defendant's
room.   The district attorney introduced evidence tending to
prove the works of the two watches so found were part of the
property stolen by the party who committed the burglary.
The burglary is alleged to have been with intent to commit
larceny.   The fact that stolen property is found in possession
of defendant in cases of larceny is always a circumstance
tending to prove his guilt.   If unexplained, it is a most
potent circumstance.   The defendant here made no attempt
to explain the circumstances as to why the works of the
watches were in his suit case in his room.   Nor was it error
to sustain the objection of the district attorney to defendant's
question asked of the witness Rosenblatt, as to whether or not
she examined the defendant's room, and whether or not she
saw any burglar's tools or implements, files or keys around
the room.   The fact that such tools were not found, if true,
would not be competent to prove the defendant innocent.

The defendant seems to earnestly urge that the court erred
in admitting the record of the railroad company as to the
numbers and report of tickets sold each day, and the testi-
mony of the witness Kern based upon such record.   As to
the first part of the objection, it appears that the record or
report as to the numbers of tickets sold is made up by the
agent who is in charge and sells the tickets at the end of the
day.   When the report is made up copies are made by the use
of blank sheets and a wet blotter from the ink on the original
report, in other words, letter-press copies of the original are
made.   The copies are reproductions of the handwriting of
the original report.   It is but another way of making dupli-
cates of the original entry.   If the party who made the orig-
inal entry had made at the same time several duplicates in
his own handwriting they would all be regarded as original
entries.   Instead of doing this the writing is reproduced from
the same characters and the same ink on the original.   The
duplicates are thus more exact than they could possibly have
been by having been copied in the handwriting of the party

who made the original.   And while it appears that the record as to the closing numbers of the tickets sold on the twenty-sixth and twenty-seventh days of April, 1905, was offered in evidence by the district attorney, and the defendant's objection thereto overruled, it does not appear that the record was actually received or read in evidence.   No copy of any such record is in the transcript.   The witness evidently refreshed his memory by the use of the duplicate entries, which he had the right to do.   He testified that the closing numbers on the twenty-sixth and twenty-seventh days of April were in his handwriting.   He then testified that the closing number on the 26th was 376194, and on the 27th 384752.   No objection was made to the witness using the letter-press copies for the purpose of refreshing his memory.

Defendant, in the cross-examination of the witness Conrad appears to have offered a letter in evidence to which the district attorney objected on the ground that it was hearsay and a self-serving declaration.   The court sustained the objection, and the ruling is assigned as error.   As the record does not show the contents of the letter, nor its substance, nor by whom it was written, we must presume that the ruling of the court was correct.

There was no error in the instruction to the effect that the jury might, if the evidence warranted, find the defendant guilty of burglary in the first degree.   The degree depended upon the time the burglary was committed.   When the Fritschie family awoke about 5:30 o'clock A. M. of the morning of April 28, 1905, they found that the house had been entered during the night, and various articles stolen therefrom.   The burglar had departed.   As to when the entry was made and the propery stolen was a question of fact for the jury, and might be arrived at from all the facts and circumstances. There was sufficient evidence to justify the implied finding of the jury that the entry was in the night-time.

There are no other points sufficiently plausible to merit discussion.

The judgment and order are affirmed.

Hall, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 17, 1906.