[No. 15712. Department One. September 16, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v.
CLINTON A. LATHROP, *Appellant*.[1]

JURY (43)—QUALIFICATIONS—CHALLENGE FOR CAUSE. Error cannot be predicated upon denying a challenge of a juror for cause where the record does not disclose any basis for the challenge and the accused did not exercise all his peremptory challenges.

CRIMINAL LAW (103)—EVIDENCE—PARTS OF SAME TRANSACTION—RES GESTAE. In a prosecution for murder, the blood-stained garments of deceased's daughter, shot by defendant at the same time, are admissible as part of the same transaction.

SAME (104)—EVIDENCE—RES GESTAE—STATEMENTS 'OF PERSONS INJURED. In a prosecution for murder, exclamations of the deceased immediately after the shooting, as she sank down, are admissible as part of the *res gestae*.

SAME (158)—OPINION EVIDENCE—EXAMINATION OF EXPERTS—HYPOTHETICAL QUESTIONS. It is not error to exclude a hypothetical question which was argumentative and not confined to the facts which there was evidence to support.

HOMICIDE (111) — TRIAL — INSTRUCTIONS — SELF-DEFENSE. In a prosecution for murder, where there was no evidence on the subject, an instruction as to self-defense is properly refused.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered April 4, 1919, upon a trial and conviction of murder. Affirmed.

*Goodsell & Farrington,* for appellant.

*Joseph B. Lindsley* and *H. G. Kinzel,* for respondent.

MAIN, J.—The defendant was charged by information of the crime of murder in the first degree. The trial resulted in a verdict and judgment of guilty as charged. Motion for new trial being made and overruled, the defendant appeals. On the second day of February, 1919, the appellant went to the house where his wife, Mary Lathrop, was living with her two chil-

[1]Reported in 192 Pac. 950.

dren by a former marriage and shot her twice with a revolver, causing her death soon afterwards. The parties at the time were living separate and apart and a divorce action was pending between them. On the morning of this day the appellant went to the house of his wife and sought entrance for the purpose of getting a ladder which it appears that he desired to use in connection with some work which he expected to do on the following day. He was admitted, secured the ladder, removed it to the back porch, reentered the house, went to the bedroom, where his wife was making a bed, and, as above stated, shot her twice. As he left the house he shot Margaret Gibson, his stepdaughter, a child about twelve years of age, seriously wounding but not killing her. Immediately after the shooting, the appellant's wife being mortally wounded and the child being seriously wounded, both rushed from the house screaming, to the sidewalk in front. Here Mrs. Lathrop sank down. As she left the house and while upon the sidewalk, she gave utterance to exclamations to the effect that the appellant had done the shooting. After the information was filed, the appellant plead not guilty and interposed the defense of temporary insanity. The trial resulted as above indicated, and the cause is here for review.

The first two assignments of error challenge the qualifications of two of the jurors that heard the cause. As to each of these jurors, a challenge for cause was interposed by the appellant's counsel and by the court denied. It is claimed that this was error. The ruling of the trial court was correct. The examination of the jurors does not disclose that there was any basis for the challenge for cause of either of them. *State v. Croney*, 31 Wash. 122, 71 Pac. 783. In addition to this, the record does not disclose that the appellant, before

the jury which tried the case was selected, had exercised all the peremptory challenges which the law gives him.

The third assignment of error relates to the admission in evidence of a blood-stained garment worn by Margaret Gibson on the morning of the tragedy. As shown by the facts stated, Margaret Gibson was shot immediately after her mother, and as the appellant was leaving the house. It was part of the same transaction and there was no error in admitting the evidence. In addition to this, while the appellant interposed the plea of not guilty, there is no evidence that he did not do the shooting, but all the evidence is to the effect that he did, and, in fact, he substantially admitted it.

The fourth assignment of error relates to the evidence showing the exclamations of Mrs. Lathrop as she left the house after the shooting and as she sank upon the sidewalk. These exclamations were admissible because they were a part of the *res gestae.*

The eighth assignment of error relates to the ruling of the trial court in sustaining an objection to a hypothetical question propounded to an expert witness. There was no error here. The hypothetical question as stated to the witness was argumentative and interspersed with conclusions. It was not confined to a recital of facts which there was evidence to support. *State v. Underwood,* 35 Wash. 558, 77 Pac. 863.

The tenth assignment of error is predicated upon the failure of the trial court to give an instruction on self-defense. There are two reasons why it was proper not to have given the instruction. First, there was no evidence to sustain such a defense and it was rightly withheld from the jury. In addition to this, the record fails to show that any proper request was made for such an instruction.

There are other assignments of error, but since they contain even less merit than those already referred to, it would serve no useful purpose to unduly extend this opinion by passing upon them *seriatim*. It is sufficient to say that they have all been considered and that the record, which is free from error, shows that the appellant had a fair trial.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, MITCHELL, and MACKINTOSH, JJ., concur.