[Crim. No. 879.   Third Appellate District.—April 8, 1926.]

## THE PEOPLE, Respondent, v. LAWREL BRYANT, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SELF-DEFENSE—EVIDENCE—FINDINGS—VERDICT.—In this prosecution for assault with a deadly weapon with intent to commit murder, where defendant severely cut the prosecuting witness in several places, the evidence was sufficient to support the conviction of an assault with a deadly weapon; and there was sufficient evidence to support a finding either way upon the issue as to whether defendant acted in necessary self-defense.

[2] ID.—EXCLUSION OF EVIDENCE—RECORD—APPEAL.—Where error is predicated upon the exclusion by the trial court of the testimony of a witness given at the preliminary examination on the ground that the witness could not with due diligence be found within the state, and the record does not show what the proffered testimony was, and, in the absence thereof, it cannot be determined whether its exclusion prejudiced the rights of defendant, the appellate court will not examine the evidence bearing upon that question.

[3] ID.—INSTRUCTIONS—SELF-DEFENSE—APPEARANCE OF DANGER.—If a defendant has reason to believe that the jury will misinterpret an instruction on self-defense by construing it as forfeiting the right of the party first in fault thereafter to defend himself, he should prepare an instruction in accordance with subdivision 3 of section 197 of the Penal Code, which states the conditions upon which a defendant, even though the assailant, may resort to the use of a deadly weapon in self-defense.

---

(1) 5 C. J., p. 791, n. 24; 17 C. J., p. 256, n. 66, p. 264, n. 89.
(2) 17 C. J., p. 172, n. 44.   (3) 16 C. J., p. 1056, n. 20, p. 1059, n. 42.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hale Day and Donald McKisick for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

---

3.   See 8 Cal. Jur. 309.

FINCH, P. J.—The defendant was charged with the crime of assault with a deadly weapon with intent to commit murder. He was convicted of assault with a deadly weapon. This appeal is from the judgment and the order denying a new trial.

[1] There can be no possible doubt as to the sufficiency of the evidence to support the verdict and judgment. The defendant severely cut the prosecuting witness in several places, including "laceration of the face and left ear, . . . two large, long incisions on the abdomen, which took seventeen horsehair stitches, . . . many small lacerations on the left arm and the side, . . . some of them were very superficial and some of them deep enough to suture, . . . a laceration of the left hand, and it took six horsehair sutures to sew that up." The defendant claimed that he acted in necessary self-defense. There is sufficient evidence to support a finding either way upon that issue.

[2] Appellant contends that the court erred in excluding the testimony of a certain witness given at the preliminary examination. Evidence was introduced which tended in some degree to show that the witness could not "with due diligence be found within the state." (Pen. Code, sec. 686.) The trial court held that the evidence failed to show due diligence. While it appears that the court was justified in so holding, it is unnecessary to examine the evidence bearing upon that question, because the record does not show what the proffered testimony was and, in the absence thereof, it is impossible to determine whether its exclusion prejudiced the rights of the defendant. (*People* v. *Brotherton,* 47 Cal. 388, 404; *People* v. *Bidleman,* 104 Cal. 608, 615 [38 Pac. 502]; *People* v. *Singh,* 182 Cal. 457, 482 [188 Pac. 987]; *People* v. *Balmain,* 16 Cal. App. 28, 32 [116 Pac. 303]; *People* v. *Lowrie,* 4 Cal. App. 137, 141 [87 Pac. 253].)

[3] Complaint is made that the court erred in giving a certain instruction. The instruction is in the language of the third general rule of self-defense, stated by the supreme court in *People* v. *Hecker,* 109 Cal. 451, 462 [30 L. R. A. 403, 42 Pac. 307], and approved in *People* v. *Glover,* 141 Cal. 233, 241 [74 Pac. 745], and was followed by another instruction, setting forth that the defendant was entitled to

act upon appearances and to defend himself against threatened danger, whether real or apparent only. Appellant says that, under this instruction, ''the party first at fault forfeits any right to defend himself thereafter.'' The instruction cannot be so interpreted. If the defendant had any reason to believe that the jury would so understand it, he should have proposed an instruction in accordance with the provisions of section 197, subdivision 3, of the Penal Code, which states the conditions upon which a defendant, even though the assailant, may resort to the use of a deadly weapon in self-defense. The defendant proposed no instructions whatever, and those given by the court contain a concise and fair statement of the law applicable to the case and are exceptionally free from error. If the defendant desired further instructions he should have requested them.

The judgment and the order are affirmed.

Hart, J., and Plummer, J., concurred.