[Crim. No. 4046.   Second Dist., Div. Two.   Dec. 12, 1946.]

THE PEOPLE, Respondent, v. ERNEST CAROTHERS, Appellant.

Leola Buck Kellogg and Montgomery G. Rice for Appellant.

Robert W. Kenny, Attorney General and John F. Hassler, Deputy Attorney General, for Respondent.

McCOMB, J.—From a verdict of guilty of murder in the second degree after trial before a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

Defendant occupied, with his wife, a small sleeping apartment in a court containing several other houses. On the evening of December 21, 1945, defendant and Mr. White, an occupant of another dwelling in the court, engaged in an altercation which resulted in physical injury to Mr. White. After the fight, defendant returned to his sleeping apartment and Mr. White telephoned for the police. Four police officers arrived at the court. It was raining and the night was very dark. The officers and Mr. White went to a dwelling in the court numbered as 2324½ where two of the officers remained while the other two, accompanying Mr. White, went to the sleeping apartment of defendant. Officer Huseman, one of the police officers accompanying Mr. White, announced at the door of defendant's apartment "policeman" and then opened the door approximately twelve to sixteen inches; whereupon defendant fired a .45 caliber revolver, a bullet from which struck Officer Huseman. He died as a result of the wounds on December 31, 1945.

An information was filed by the district attorney against defendant charging him in four counts as follows:

1. Murder of one Huseman;

2. Assault with a deadly weapon committed on December 21, 1945, upon one White with the intent to kill White;

3. Assault with a deadly weapon committed on December 22, 1945, upon one White with the intent to kill White; and

4. Assault with a deadly weapon upon one Knapp with the intent to kill Knapp.

Upon motion of the People the third count was dismissed, and the jury found defendant not guilty on the second and fourth counts, but guilty of murder in the second degree on the first count.

Defendant relies for reversal of the judgment on two propositions which will be stated and answered hereunder consecutively.

First: *The dismissal of count three and the verdict of not guilty on counts two and four of necessity resulted in a finding that defendant had no intent to murder Mr. White, or assault Officer Knapp with an attempt to murder; therefore the evidence failed to show any specific intent to commit murder which would sustain defendant's conviction on count one.*

This proposition is untenable and is governed by this rule:

Each count in an information or complaint which charges a separate and distinct offense must stand upon its own merit and the disposition of one count has no effect or bearing upon the verdict with respect to other counts contained in the information or complaint. Hence a verdict of acquittal of one or more counts is not deemed to be an acquittal of any other count. (Pen. Code, § 954; *People* v. *Guerrero,* 22 Cal.2d 183, 190 [137 P.2d 21]; *People* v. *Amick,* 20 Cal.2d 247, 252 et seq. [125 P.2d 25]; *People* v. *Kirsch,* 204 Cal. 599, 604 [269 P. 447].)

Clearly each count in the complaint stated a separate and distinct offense; therefore the foregoing rule is applicable, and since defendant testified that when he shot he intended to kill Mr. White, there is substantial evidence to sustain the jury's implied finding that defendant intended to commit murder when he fired the shot which hit Officer Huseman causing his death.

Second: *The trial court committed prejudicial error in not reading to the jury an instruction on justifiable homicide in defense of defendant's dwelling or his wife.*

This proposition is likewise without merit. Where an instruction on a particular point or points as given by the court is correct as far as it goes, and the only valid objection, if any, to it is that it is deficient or inadequate by reason of its generality, indefiniteness, or incompleteness, if defendant desires additional, amplified, explanatory, fuller, or more complete, elaborate, comprehensive, definite, specific or explicit instructions on such point or points, he must properly request the same, otherwise error cannot be predicated upon the failure to give such additional instruction. (*People* v. *Bryant,* 77 Cal.App. 375 [246 P. 815] ; *State* v. *Acosta,* 49 Nev. 184 [242 P. 316, 319] ; *People* v. *Droste,* 160 Mich. 66 [125 N.W. 87, 93] ; *State* v. *Lathrop,* 112 Wash. 560 [192 P. 950, 957].)

In the present case the trial court accurately instructed the jury upon the general principles of self-defense. Had defendant desired a more specific instruction, he should have made a request therefor. This he did not do, and therefore under the rule above stated he has waived any right to urge error in this court because of the alleged failure of the trial court to give a more specific instruction upon the doctrine of self-defense.

In view of the fact that no error appears in the record, the judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.