[No. 33019. Department One. May 12, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. WYMAN
GRAEBER *et al.*, *Appellants.*[1]

[1]Reported in 283 P. (2d) 974.

*Wesley K. Duce,* for appellants.

*Arnold R. Zempel* and *James Tynan,* for respondent.

OTT, J.—The defendants have appealed from judgments and sentences entered upon the verdict of a jury finding them guilty of the crime of robbery.

On October 7, 1953, two men entered the C & H Market, located on highway 99 in Snohomish county. They took from the shelves four bars of soap in special feature sale wrappers and brought them to the checker. One of the men exhibited a gun and told her it was a holdup. When she opened the cash register, they took the money therefrom and ran outside. The men were pursued by a store employee. While they were fleeing, shots were fired at the employee. A few days later, a lead slug was taken out of a

telephone pole and identified as being from a .22 long cartridge.

The defendants were identified by the checker and by the store employee who had pursued them. Defendant Graeber was also identified by a woman customer who had been in the store. A soap wrapper, similar to the ones containing the soap purchased by the defendants, was found near their trailer house.

Defendant McDonald admitted that he had owned an automatic pistol firing a .22 long cartridge, but stated that it had been pawned prior to the date of the robbery. An empty box that had contained cartridges of the same caliber was found behind the trailer house.

At the trial, each defendant testified in his own behalf. Defendant Graeber testified that he had suffered a leg injury and could not run, and that, therefore, he could not have been one of the men seen running from the store. He stated that he did not own a gun, and knew nothing of the robbery. He said that, on the day in question, he had gone to Everett after work and had not returned to the trailer house until after the time of the robbery.

Defendant McDonald, who was informed against as Thomas David Mayfield, Jr., said that he did not leave the trailer house all evening because he had a severe headache. Graeber was observed near the trailer house shortly after the robbery.

At the time of their arraignment, the court appointed an attorney to represent McDonald. Graeber desired to represent himself, but did state that he needed a lawyer to advise him on legal points. The lawyer appointed to represent McDonald was also appointed to represent Graeber. He does not represent them on this appeal.

Graeber took no part in the examination of the witnesses. The entire trial was conducted by the counsel appointed by the court on behalf of both defendants.

The jury returned a verdict of guilty as to each of the defendants. From the judgments and sentences based upon the verdict of the jury, the defendants have appealed.

■ The appellants contend that they should have been granted a new trial because no witnesses were subpoenaed in their behalf. Graeber, acting as his own attorney, did not request that any witness be subpoenaed. The court found that the appellants' attorney, after interviewing all of the prospective witnesses suggested by the appellants, determined that their testimony would not be helpful to the defense. No continuance of the trial was requested upon this ground. The court did not abuse its discretion in denying the motion for a new trial upon this ground.

■ The appellants next contend that the attorney appointed by the court, who tried the case to the jury, was not satisfactory and did not properly defend them. Attorneys are presumed to have sufficient skill and learning to defend an accused adequately. No statutory or constitutional rights of the appellants were violated. *State v. Bradley*, 175 Wash. 481, 490, 27 P. (2d) 737 (1933), and cases cited; *State v. Bird*, 31 Wn. (2d) 777, 783, 198 P. (2d) 978 (1948). The record discloses that the appellants were adequately defended.

■ The court permitted a trial amendment to the information by the addition of the words "and in the presence of." The entire clause, when amended, read: ". . . take from the person of *and in the presence of* Mary Stone." (Italics ours.) The amendment was permitted for the purpose of clarification of the method in which the crime was committed. The appellants were not prejudiced or in any manner misled by the amendment. Rule of Pleading, Practice and Procedure 12(2), 34A Wn. (2d) 76. Further, at the time the motion to amend the information was made, the appellants and their attorney made no objection thereto, nor did they request a continuance. The court did not err in granting the motion to amend.

■■ It is next contended that the trial court erred in not granting a new trial because the appellants were not arraigned upon the information as amended. The appellants had entered pleas of not guilty to the information before the trial amendment was granted. The trial amendment did not

in any manner change the offense charged or the manner in which the wrongful act was accomplished. By such an amendment, the original pleas of not guilty were in full force and effect as to the amended information. Further, the right to enter pleas to the amended information was waived when, without objection upon that ground, the cause was tried on its merits. *State v. Garland*, 65 Wash. 666, 669, 118 Pac. 907 (1911), and cases cited.

The trial court did not abuse its discretion in denying the motion for a new trial upon any of the stated grounds. *State v. Tharp*, 42 Wn. (2d) 494, 256 P. (2d) 482 (1953).

During the trial, a gun was marked for identification as illustrative of the kind of weapon used by the appellants in the robbery. The state admitted that no guns were found when the appellants were apprehended. The appellants' attorney objected to the admission of the exhibit in evidence, on the ground of improper identification. The objection was sustained. Thereafter, the prosecuting attorney, in his cross-examination of appellant McDonald, made further inquiry concerning the weapon. The attorney for the appellants objected on the ground that the gun exhibit was immaterial and prejudicial. The court had previously sustained the objection as to its materiality, and orally instructed the jury, when it was presented a second time, to disregard any testimony with reference to the gun.

The appellants do not assign error to the court's ruling, but contend on this appeal that the prosecuting attorney, in exhibiting the gun before the jury, was acting in bad faith, to the prejudice of appellants. The trial court ruled that the attorney for the state was acting in good faith in his attempt to have the exhibit admitted for illustrative purposes. The record discloses no error in this ruling.

The appellants next contend that the court should have instructed the jury concerning the defense of alibi. This contention is without merit for the following reasons: (1) There was insufficient evidence to sustain such a defense, therefore it was rightfully withheld from the jury. *State v. Lathrop*, 112 Wash. 560, 562, 192 Pac. 950 (1920).

(2) No such instruction was requested by the appellants. *State v. Lathrop, supra,* p. 562. (3) Since no exceptions were taken to the instructions, they became the law of the case. *Irvin v. Spear,* 41 Wn. (2d) 224, 227, 248 P. (2d) 404 (1952), and cases cited.

 Finally, appellant McDonald contends that he was prejudiced because the original information stated his name as Thomas David Mayfield, Jr., which name was, in fact, an alias, and that, at the time of his arraignment, he informed the court that his true name was Bluford E. McDonald. A record of his true name was entered in the minutes of the court, as provided by RCW 10.40.050 [*cf.* Rem. Rev. Stat., § 2097], and the prosecuting attorney moved for leave to amend the information to show the true name, Bluford E. McDonald. The motion was granted. At the time of trial, the only name appearing on the information was the alias. Throughout the trial, the appellant had been referred to as Mayfield. When he took the stand in his own behalf, he testified as follows:

"Q. What is your full name? A. Thomas David Mayfield. Q. Is that your given name? A. No. Q. What is your other name, your real name? A. Bluford E. McDonald."

After the witness had testified, the court ordered the pleadings amended to comply with the proof. Rule of Pleading, Practice and Procedure 12(2), 34A Wn. (2d) 76. The jury was properly instructed with reference thereto. If appellant McDonald was prejudiced by this ruling, the matter was not brought to the court's attention at the time the ruling was made. The court did not err in this regard.

We find no merit in appellants' remaining assignments of error.

The judgments and sentences appealed from are affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.