**Wyman W. GRAEBER, Appellant,**

v.

**Merle SCHNECKLOTH, as the Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 15346.**

United States Court of Appeals Ninth Circuit.

March 4, 1957.

Rehearing Denied March 29, 1957.

———◆———

Wyman W. Graeber, in pro. per.

John J. O'Connell, Atty. Gen., State of Washington, and Michael R. Alfieri, Asst. Atty. Gen., for appellee.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This case is here on appeal from an order of the United States District Court for the Eastern District of Washington denying a petition for the writ of habeas corpus.

Appellant, along with one McDonald, was convicted in a Washington state court of the crime of robbery. An appeal from the judgment of conviction was taken to the Washington Supreme Court, and the judgment was by that court affirmed. State v. Graeber, 46 Wash. 2d 602, 283 P.2d 974. (A full account of the case and of the contentions made by the convicted men will be found in that opinion.) Thereafter appellant petitioned the State Supreme Court for the writ of habeas corpus, and his petition was denied. Likewise denied was his petition for the writ of certiorari thereafter addressed to the Supreme Court of the United States.

The arguments relied on by appellant to obtain the relief he seeks in the present proceeding are, with one or two exceptions, the same as those urged upon the State Supreme Court on the appeal from his conviction. These were considered at length and rejected by that court in its published opinion, supra. We are satisfied that the court was not in error in rejecting the arguments advanced, or in affirming the judgment of conviction.

■ However, there would appear to be two new contentions urged by appellant on his appeal here, which we will notice briefly. One of these is that he was not represented by counsel at the habeas corpus proceeding in the Washington Supreme Court, hence was deprived of due process. The claim is obviously without merit. It has long been settled that the right to counsel does not obtain in habeas corpus proceedings, these being civil, not criminal, in nature.

■ Appellant's other belated contention is that he was not accorded his right to a speedy trial, specifically, that he was kept in jail for eighty days prior

to an information being filed against him. Nothing appears in the record before us to that effect, nor is there any showing that appellant ever asked for or desired an earlier trial than that accorded him. The constitution of the State of Washington gives to persons charged with crime the right "to have a speedy public trial," but it appears to be held in that state that the constitutional right may be waived by an accused by inaction to the time of trial. See State v. Thompson, 38 Wash.2d 774, 232 P.2d 87, and cases there cited. In any event the time for appellant to raise the point was when his case was before the state court and a record was available, or could have been obtained by him. We are in no position to consider the contention here.

The order below is affirmed.