**Petition of George TEAMOH, For Writ of Habeas Corpus.**
**Civ. A. No. 872–62.**

United States District Court
D. New Jersey.
Nov. 16, 1962.

George Teamoh, Rahway, N. J., pro se.

David M. Satz, Jr., U. S. Atty., Newark, N. J., for respondent.

WORTENDYKE, District Judge.

From the papers filed with the Clerk of this Court in support of the petitioner's application for a writ of habeas corpus, it appears that petitioner was indicted on June 11, 1958, and arraigned before Hon. Furman W. Reeves of the Hudson County Court on June 20, 1958, when he pleaded not guilty to each of the four indictments against him. On March 4, 1959 when the cases upon the indictments were upon the calendar for trial, the State of New Jersey requested a continuance upon the ground that some of the State's witnesses were not available. This application for continuance was opposed by counsel for the petitioner, who represented that petitioner was originally arrested in June 1957 and that since that date he had sought an early and speedy trial, having been at large on bail during the period. The Court granted the continuance and continued peti-

tioner on bail. What appears to be a copy of a notice of motion given by the attorney for the petitioner to the Prosecutor, indicates that petitioner moved on January 8, 1960 for an order fixing a date certain for the trial of the indictments against the petitioner, upon the ground that "said indictments have been pending since June 20, 1958." It further appears that petitioner was tried before the Hudson County Court and a jury, the latter finding him guilty on April 29, 1960. The Court imposed sentence following his conviction, on June 24, 1960. From the judgment upon his conviction, petitioner sought leave, on November 22, 1961, to appeal as an indigent to the Appellate Division of the Superior Court of New Jersey, but his petition was denied because his appeal was out of time.

On April 30, 1962 the Supreme Court of New Jersey denied petitioner's motion for leave to proceed as an indigent.

On July 20, 1962, petitioner wrote to the Judge of the Court in which he was convicted, stating that he was arrested on June 18, 1957 for the crimes of atrocious assault and battery, assault by menace, and assault with intent to kill; that on April 25, 1960 he was tried in that Court and found guilty by a jury on April 29, 1960. Thereafter, he was sentenced to a term of from ten to twelve years in the New Jersey State Prison. His letter to the sentencing Judge continues in part, as follows:

"* * * I do not, however, in any manner wish to convey the thought that the instant crime was a trivial or slight offense. I am deeply remorseful when I think in retrospect of the severe gravity of the offenses for which I am now incarcerated. The thoughts attendant with the commission of such acts has left an indelible scar that shall remain forever on my conscience. Nor do I feel that this period of incarceration is unwarranted. I do feel however, that neither society, my family, nor myself can be better served by the continued deprivation of my liberty.

"At this writing, it is my sincere intentions, to bring to the courts attention that the undersigned was at large on 'Bail' for a period of (34) thirty-four months, which I sincerely hope the court will consider to some favorable degree to myself. For myself this lengthy period of time was in reality 'incarceration'."

In response to the foregoing letter, the Judge to whom it was addressed advised the petitioner that he had no further jurisdiction over his case.

Petitioner's application to the Supreme Court of the United States for a writ of certiorari was denied by that Court on October 8, 1962, Teamoh v. New Jersey, 83 S.Ct. 85.

The present petition for a writ of habeas corpus was filed by the petitioner in this Court on October 25, 1962. In his said petition, petitioner alleges that his conviction "was unlawfully gained by reason of his being deprived of a 'Speedy Trial' for a period of some (34) thirty-four months. This in contravention to both the 6th. and 14th. amendments of the Constitution of the United States." The petition concludes with an allegation that petitioner has exhausted "all possible avenues of relief within the realm of the State Courts." In what he captions "history" annexed to the petition, petitioner embodies the substance of the procedures hereinbefore outlined. As a further attachment to his present petition, petitioner annexes a written "argument" in which he discusses his right to a speedy trial under the provisions of the Sixth Amendment to the Constitution of the United States. Nowhere in any of his moving papers does the petitioner allege or claim that the denial of a speedy trial, if it was suffered by him, resulted in any prejudice to his defense upon the trial of the charges against him, or that it deprived him of due process of law under the Fourteenth Amendment in connection therewith.

■■ Treating the papers filed in this Court by petitioner as an application for a writ of habeas corpus, under 28 U.S.C. § 2242, I find such application insufficient upon its face, particularly because its allegations are conclusory only and fail to set forth facts from which it may be inferred that petitioner's constitutional rights have been violated. Moreover, having failed to take a timely appeal from his conviction, petitioner now seeks to substitute a remedy by way of habeas corpus for the appellate remedy which would have been available to him had he timely instituted an appeal. The writ of habeas corpus may not be made a substitute for an appeal. Black v. United States, 9 Cir.1959, 269 F.2d 38, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed. 2d 357; Palakiko v. Harper, 9 Cir.1953, 209 F.2d 75, cert. den. 347 U.S. 956, 74 S.Ct. 683, 98 L.Ed. 1101; Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274.

Unless the petition for writ of habeas corpus by a state prisoner alleges that a delay or denial of a speedy trial contrary to the provisions of the Sixth Amendment, resulted in a loss of testimony, or other prejudice to the defendant, which impaired the fairness of his trial, the petition must be denied. Latimer v. Cranor, 9 Cir.1954, 214 F.2d 926, citing Ruben v. Welch, 4 Cir., 159 F.2d 493.

In Graeber v. Schneckloth, 9 Cir.1957, 241 F.2d 710, the District Court's denial of a state prisoner's petition for a writ of habeas corpus was affirmed because nothing appeared in the record that the appellant ever sought an earlier trial than that accorded to him; and in any event, it was held that the time for the appellant to raise the point was when his case was before the State court and a record was available or could have been obtained by him.

■ It appearing from petitioner's application for writ of habeas corpus that he is not entitled thereto, 28 U.S.C. § 2243, the application is denied, and it is hereby so ordered this 16th day of November, 1962.