[Nos. 228-41241-3, 229-41242-3.    Division Three.    October 13, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. EDDIE RICHARDS, *Defendant*, TOMMY MELTON *et al.*, *Appellants*.

*Blythe B. Caw* (of *Caw & Caw*), for appellants (appointed counsel for appeal).

*Philip W. Borst, Prosecuting Attorney*, for respondent.

EVANS, C. J.—Defendants Edward D. Arthur Taylor, Jr. and Tommy Melton appeal from their conviction by a jury of the crime of robbery. A third codefendant, Eddie Rich-

ards, was also convicted but does not appeal. Separate judgments were entered by the trial court and the cases of Taylor and Melton were consolidated upon appeal.

Defendants were charged by information with committing the crime of robbery "by means of force and violence". The charge arose from events which occurred in midwinter of the year 1969 after the defendants stopped their car, which was traveling west on Highway 10 near Sprague, Washington, and picked up a hitchhiker named Peter Pershall. Pershall rode as a passenger in the front seat of the car as it proceeded west on Highway 10, until he was let out of the car in an isolated area a short distance east of Moses Lake, Washington.

Since the basic issue involves a pure question of law, no useful purpose would be served by detailing the testimony. Suffice it to say, there was substantial evidence from which the jury could find that during the time Pershall was a passenger in defendants' car the defendants, in the presence of Peter Pershall, against his will and by means of fear of injury, immediate or future, took property owned by Peter Pershall, to wit, $4 in cash and one electric shaver. This evidence was introduced without objection from the defendants. After its introduction, the prosecuting attorney moved to amend the information to conform to the evidence by adding the additional means of committing the robbery, to wit, by means of fear of injury, immediate or future, in the presence of Peter Pershall. The motion to amend the information was granted by the trial court over the objection of defendants, and the trial was recessed in the afternoon approximately 1 hour early to give defendants time to consider the effect of the amendment upon their defense. The following morning the defendants were arraigned upon the amended information, entered pleas of not guilty, the state rested, and defendant Eddie Richards took the stand in his own defense. The substance of his defense was that no force or threat of force or violence was used, and that he and the other defendants merely asked for, and Pershall gave them, a donation of money for gas. Richards admitted that

he took the razor from the travel bag of Pershall, but stated he did this without the knowledge of Pershall. Defendants Taylor and Melton did not testify.

Defendants first assign error to the ruling of the trial court granting the state's motion to amend the information.

Criminal Rule for Superior Court 101.04W (b) provides:

(b) Amendment of Information. At any time before or during trial, the court may permit the amendment of an information and permit proof to be offered in support thereof. If the defendant shows to the satisfaction of the court that he is misled by the amendment, the court shall make such order as will secure to the defendant full opportunity to defend. An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant is prejudiced in a substantial right.

Mr. Pershall testified he handed his wallet containing $4 to the defendant Eddie Richards, and voiced no objection when he saw that Richards had removed the electric shaver from his travel bag because he was afraid and feared for his personal safety. Under the circumstances testified to by Mr. Pershall his fear was both justified and real. He testified that during discussions with the defendants regarding their need of money for gas the defendant Richards slapped him several times. He was ordered to look straight ahead, speak only when spoken to, empty his pockets and remove his shoes. When the discussion among the defendants turned to getting rid of Pershall, one of them suggested killing "the so and so", but another observed that using a gun would make too much noise. Pershall saw no gun. No objection was made by defendants to any of this testimony.

Defense counsel argue that it would have been futile to object to such testimony because it was part of the res gestae. However, at the time the testimony as to the state of mind of Pershall was introduced, the defendants stood charged with robbery "by means of force and violence". Under such a charge, the state of mind of the victim is not material and, as indicated by the trial court, an objection

on that ground would have been sustained if made. This also applies to testimony that the electric razor was taken in the presence of Pershall rather than from his person. *State v. Graeber*, 46 Wn.2d 602, 283 P.2d 974 (1955).

■ No showing was made that defendants were prejudiced in any substantial right by permitting the amendment, nor that they were misled by it. Defendants did not claim surprise, nor did they ask for a continuance. The charge as contained in the original information notified the defendants of the substantive offense of which they were accused— robbery. Only the means of the commission of that single offense were varied by the amendment. As stated in *State v. Brown*, 74 Wn.2d 799, 447 P.2d 82 (1968):

> A defendant cannot claim error from the amendment of an information unless he can show he was prejudiced thereby. *State v. Graeber*, 46 Wn.2d 602, 283 P.2d 974 (1955). If defendant was misled or surprised by the amendment of the information she was entitled to move for a continuance to secure time to prepare her defense. *State v. LaPierre*, 71 Wn.2d 385, 428 P.2d 579 (1967). The fact that she did not do so is persuasive of a lack of surprise and prejudice. *See, State v. Estill*, 50 Wn.2d 245, 310 P.2d 885 (1957).

We hold the trial court did not err in allowing the information to be amended to conform to the proof, and that defendants had a full opportunity to defend against the charge contained therein.

Defendants next assign error to the refusal of the trial court to give a missing witness instruction.

After Pershall was removed from the car he was picked up by a passing motorist. They overtook the defendants' car and obtained its license number. Proceeding on to Moses Lake, they contacted a state patrolman. The state patrolman had a brief conversation with the two men and immediately began to pursue defendants. Neither Pershall nor the state patrolman took the name of the motorist, or obtained any other information by which he could be traced.

■ Defendants contend this unknown person was a "missing witness" and the trial court should have instructed

the jury that they may draw an adverse inference from the state's failure to call him as a witness. In *State v. Davis*, 73 Wn.2d 271, 276, 438 P.2d 185 (1968) the court stated:

> This rule was defined in *Wright v. Safeway Stores, Inc.*, 7 Wn.2d 341, 346, 109 P.2d 542, 135 A.L.R. 1367 (1941), quoting from 10 R.C.L. 884, § 32, as follows: (*cf.* 29 Am. Jur. 2d *Evidence* § 178 (1967))
>
> ". . . it has become a well established rule that where evidence which would properly be part of a case is within the control of the party whose interest it would naurally be to produce it, and *without satisfactory explanation*, he fails to do so,—the jury may draw an inference that it would be unfavorable to him. . . ."

(Italics ours.)

In the present case the absence of the helpful motorist was explained by the state. His identity was unknown at the time of the trial. This was an oversight arising from the circumstances existing shortly after the commission of the crime. The state patrolman was in pursuit of alleged felons. Pershall had just been through an emotionally disturbing experience. The explanation was satisfactory to the trial court and is to this court.

In view of our holding that the amendment was proper it is not necessary to consider defendants' remaining assignments of error.

Judgment affirmed.

GREEN and MUNSON, JJ., concur.